UNITED STATES of America;

v.

**Lemore CAMPBELL a/k/a Everill Lemore Campbell, Appellant.**

No. 01–3289.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 7, 2002.

Decided Dec. 6, 2002.

Before MCKEE and GREENBERG, Circuit Judges, and LIFLAND, District Judge.*

___
* Honorable John C. Lifland, Senior Judge, United States District Court for the District of New Jersey, sitting by designation.

## OPINION

MCKEE, *Circuit Judge.*

Lemore Campbell appeals from the district court's imposition of a term of imprisonment of 48 months following his guilty plea to the charge of use of a telephone in furtherance of a conspiracy to import cocaine, in violation of 21 U.S.C. § 843(b). He contends that the district court abused its discretion by not granting his motion for a downward departure. However, for the reason that follows, we will dismiss the appeal for lack of jurisdiction.

### I.

Because we write only for the parties, it is unnecessary to recite the facts of this case. It is sufficient for our purposes to note that Campbell entered a guilty plea to the charge of use of a telephone in furtherance of a conspiracy to import cocaine, in violation of 21 U.S.C. § 843(b).[1] As a result of his plea, he faced a maximum statutory term of imprisonment of four years, followed by a term of supervised release of one year, a $250,000 fine and a $100 assessment. There is no applicable minimum mandatory sentence.

The Presentence Report identified his Offense Level as 29 and his Criminal History Category as I. Accordingly, the sentencing range pursuant to U.S.S.G. § 5A was 87–108 months. However, pursuant to U.S.S.G. § 5G1.1(a), the statutory maximum sentence, when less than the applicable guideline range, becomes the guideline sentence. Therefore, the guideline sentence applicable to Campbell was 48 months.

At sentencing, Campbell sought a downward departure, asserting that one was merited because of his status as a deporta-ble alien, because his criminal conduct was aberrant, and because he had many relatives in the United States. The district court made a discretionary decision not to depart. Inasmuch as the court recognized that it had the power to depart, and chose not to, we have no jurisdiction over Campbell's appeal. *See, e.g., United States v. Sally,* 116 F.3d 76, 78–79 (3d Cir.1997).

We have reviewed the brief that was filed pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and our review clearly shows that because we have no jurisdiction over Campbell's appeal, there are no conceivable non-frivolous issues present in this record.

### II.

Accordingly, we will dismiss the appeal for lack of jurisdiction.

---

1. Campbell was indicted on a number of drug conspiracy and distribution charges. However, as a result of his plea, the government dismissed the drug conspiracy and distribution charges.